Appeal from a decision and award of the Workmen’s Compensation Board. Claimant was employed as a building superintendent. On February 14, 1948 an oil burner on which he was working backfired and he suffered burns in the face and ear damage from which it could he found that he experienced a resulting dizziness and loss of equilibrium. The following year, on September 19, 1949 still working in the same premises in the same job, but then for a different employer as owner of the building, claimant fell from a ladder while changing an electric light bulb. A few days after this he noticed pain in the right arm and leg; and when admitted to a hospital it was found he sustained partial paralysis of the right leg which was diagnosed as due to cerebral thrombosis. The board has found that the resulting disability is chargeable to the original accident of 1948 and has discharged the employer and carrier covering the risk at the time of the second accident. The board would, in our opinion, be able to find on this record that dizziness resulting from the 1948 accident was a cause of the fall from the ladder in 1949. But unless the conditions of the work at the time of the second accident, i.e., the fact the claimant was on a height above the floor on a ladder doing his work, were to be entirely excluded from causation, the physical conditions caused by the prior injury would be treated as a factor, but not the only factor, entering into the second accident. Thus- *1030 a fall from idiopathic causes is deemed an industrial accident if some factor in the employment — striking a radiator or desk on the way down, for example — enter into the causation; and a fall from a ladder is treated very similarly. See, for example, Matter of Dickerson v. Essex County (2 A D 2d 516). In the absence of some unusual circumstances, the fall from the ladder as part of the work eould not readily he excluded as a factor in causation; and it is important to note that the hoard did not expressly exclude it. It was found, merely, that due to the 1948 accident claimant "was caused to suffer a consequential injury” in 1949; this is quite a different thing. An injury caused directly by one event is not necessarily removed entirely from that event because it is also consequential of an earlier event. Moreover, the medical result of the fall should be re-examined by the board. It has been found, in effect, that the paralysis was due to the fall. The medical record on this is very thin. Ultimately it is based on the mere theory of the claimant’s physician that the cause of the paralysis was not thrombosis, which is a disease and not an accident, but it was due to hemorrhage of the brain, which might be produced by accident. There is very little in the record to sustain this theory; it is not clearly shown that claimant struck his head in falling; there is no objective evidence whatever of any head injury due to the fall; and the hospital and other diagnosis of his ease is not hemorrhage but thrombosis. Award reversed and elaim remitted to the board for its further consideration, with costs to appellant against respondent carrier and the Workmen’s Compensation Board.
Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ., concur.